By the Coubt,
Eobeetson, Oh. J.
The grounds upon which the plaintiff claimed, that the bond and mortgage in question had been satisfied, and ought to be discharged, do not clearly appear, either in the complaint or any other proceedings in the action. The complaint alleges the bond to have been long since “paid off and satisfied,” and the mortgage to have been “paid off and satisfied ” before its assignment to Sawyer, and yet it makes the apparently inconsistent statement that “ the amount (if any) due thereon could only be ascertained through an accounting with (the defendants) the Schuylers.” There is no evidence in the case of any payments ever made as such on account of such bond and mortgage. Nor did it appear that the mortgagor ever delivered to the mortgagees any sums of money generally as payments of any prior indebtedness, so as to entitle them to be applied to such bond as the first debt, according to the established rule of appropriating payments, (Allen v. Culver, 3 Denio, 284. Truscott v. King, *339 2 Seld. 147.) He never became their creditor, except by their receipt of moneys collected as his agents, or special loans as specifically repaid. The like amount of moneys, and more, were afterwards advanced by such mortgagees as his agents, so that they could not be applied, or operate to extinguish such bond and mortgage, unless by his consent.
The plaintiff’s claim of a satisfaction of the mortgage rests, therefore, either on some supposed agreement, express or implied, by the parties, to apply some indebtedness of the mortgagees to the mortgagor for that purpose, or on some right of his as assignee of such indebtedness, to set it off against the claim of the assignee to enforce such mortgage against the land. For I am not aware of any principle which in the absence of such agreement could extinguish ipso facto mutual co-existing debts, or deprive either party of his right to elect either to sue upon his claim, or avail himself of it as a set-off at his pleasure. A statute has taken away such right in case only of an action brought in an inferior court, but has left it unimpaired in all other cases.
But there is no direct evidence in the case of any express agreement that any indebtedness of the mortgagees should be applied in satisfaction of such mortgage. On the contrary, the delivery by the mortgagor to the mortgagees, probably on the day of the date of the assignment of such bond and mortgage to the defendant Sawyer, of four new obligations, payable with interest, for each six months’ interest which had accrued on such bond and mortgage, and dated respectively on the days when such interest became due, and the receipt from the mortgagees a few months before, and before the conveyance to the plaintiff, of a release of part of the mortgaged premises from the lien of such mortgage, reciting that it should remain as security for the amount due on the residue of such premises, were evidence too plain to need discussion or explanation, that neither party considered such mortgage satisfied or impaired at the time of such assignment.
The effort to establish an implied agreement of the parties to apply a subsequent indebtedness of the mortgagees to the *340 mortgagor in satisfaction of such bond and mortgage,- or rather to show, -that such_ bond and mortgage, were taken merely as securities, leaving the original debt to; continue as the subject of. a running account, rests at best upon very slight circumstances (if any) or doubtful presumptions. I say “ taken as securities’’ because the bond itself, if the original.liability had been merged in.it, being a specialty, could not be discharged by a= mere, verbal agreement to accept in satisfaction some mere .future indebtedness of the mortgagees, arising out of some ‘ cause afterwards to be determined. Such an accord, even if executed, could not be a satisfaction. Upon the point of the purpose for which such bond and mortgage were given, the evidence is clear and uncontradicted, that- it was given for an exact, conceded balance of account, and being of a higher, nature must be presumed to have been given in satisfaction and payment, (Lake v. Tysen, 6 N. Y. Rep. 461,) and there ismo evidence to the contrary.
The delivery by the mortgagor (Brown) of his note .to the mortgagees in settlement of a balance of account, in 1849, with his subsequent payment of the same ; his payment, in cash, of a balance found due in 1850 ; his delivery of the bond and mortgage in question for the balance liquidated and ascertained to be due, about the time they were given, in connection with the delivery ; eighteen. months afterwards of his promissory notes for the interest accruing on it, with interest thereon, go far to show that such specific obligations for specific balances were intended not to enter into the general accounts of. the parties until all- dealings between them had ceased. Against this, there is no positive evidence of any agreement to carry the debts for which such obligations were given into the general account, or to apply any moneys received from, or for the mortgagor,, in satisfaction of the same. The plaintiff’s claim, therefore, must fail also, so far as it rests on such a supposition.
The only subject, therefore, remaining to be considered is the right of the plaintiff to set off any claims of the mortgagor upon the mortgagees and assigned to him, against the *341 amount due on such mortgage. That right must depend upon the amount due by the mortgagees to the mortgagor, at the time of the assignment to the plaintiff. Such amount depends principally upon the correctness of accounts rendered by the mortgagees to the mortgagor and of items entered therein by a clerk of .the former, from memoranda made monthly on envelopes in which the obligations were put, of transactions between the parties and securites delivered, exchanged or paid. Such accounts were proved to have been received and retained without any objection, and such memoranda were proved by the person who made them to have been correct when made. He testified to the transactions after refreshing his memory thereby. Against the validity or accuracy of such accounts the plaintiff' claims ; that from the facts of no settlement having taken place and no obligation having been given and from the course of dealing between the parties, it must be presumed that all claims between them were balanced and settled, including such bond and mortgage; that such course of dealing consisted of settlements from time to time of the mutual claims of the parties, and the giving of specific obligations in satisfaction of balances found due ; and that such presumption is strengthened by the fact that the mortgagees, during such subsequent period, were straitened for means and never applied to the mortgagor for payment of any claim, but on the contrary borrowed money from him which they returned; that such account was not to be relied on because it showed a large indebtedness from the mortgagees to the mortgagor (over $100,000) in September, 1852, the discharge of such indebtedness and the accrual of a balance against the mortgagor in three months, notwithstanding the financial embarrassments of the latter; that the memoranda on the envelopes were made by a person who was privy to a fraud committed on others by the mortgagees; that such memoranda were not entitled to the same credit as entries in booksof account, that the witness only testified to Ms belief that they were correct, and not to the fact; that the omission of the mortgagor to object to the accounts rendered was no evidence of *342 their correctness; and that the mortgagor was not liable for the moneys mentioned in such accounts as expended for the steamships mentioned in the complaint.
In answer to .such suggestions it may be said, that the course of dealing between the parties showed that on one occasion a balance found due was paid in cash ; on another by a note sparately paid, and lastly by a bond' and mortgage, for the interest on which, two years after it was executed, separate obligations, payable with interest, were given, after a release of part.of the mortgaged premises had been given, reserving the security of the rest six months previously. This establishes that no settlement up to that time, embracing such bond and mortgage, had been made. A lapse of two years without a settlement, also could hardly be considered part of a habitual course of dealing ox of one in which settlements had .been usually made at much shorter periods. The loans of .money by the mortgagor specifically repaid, and financial embarrassments of the mortgagees were not incompatible with the increase of the indebtedness of the mortgagor even if it had not arisen from the falling due of his prior liabilities, as it appears principally to have done. The same explanation may be given of the rapid change in three months of the condition of the mortgagees from being large debtors to being slightly creditors ($1400.) The credit due to the person who made the memoranda on the envelope was a matter solely for the referee’s consideration, as was the value of such memoranda. He alone was to judge what confidence was to be placed in them. The fprm of expression of the witness that he believed such memoranda to be correct, instead of saying they were so, was sufficient, unless it appeared that such belief was a deduction, and not a distinct recollection. Rendition of accounts between parties having mutual dealings, and the absence of objections, has always been considered ¡prima facie and in some cases conclusive evidence of their correctness. The items of expenditures for the steamships were fully established by the fact of the agency of the mortgagees *343 for the mortgagor, which was stated in the complaint, and of which there was no evidence in the case.
The plaintiff’s counsel has also urged incidentally that the bond and mortgage was not taken as security for future liabilities arising out of subsequent transactions. I do not understand the referee to have so held. On the contrary, his main position was, that it was taken for a balance of accounts, a debt liquidated and agreed to be due, and could not enter into the accounts, as a claim by the mortgagees, until their final settlement. He says explicitly, that in such a course of dealing for such a time, where a security is given by the largest borrower, neither party “intends that any subsequent dealings shall affect or diminish that security or be applied against it, until that course of dealing is closed.”. Both such instruments may perhaps be called securities, but not in a legal ' sense. The bond was a chose -in action taken in payment of a precedent debt, and the mortgage only was security for it. The plaintiff’s counsel may be right, perhaps, in supposing, that no parol evidence is admissible to show that such instruments were intended merely as a security for- some other indebtedness, (Stoddard v. Hart, 23 N. Y. Rep. 556,) but the doctrine does not favor his views.
All the other objections to the report have already been disposed of.' The judgment must be affirmed, and the exceptions overruled, with costs, (a)

 The judgment in this case has since been affirmed in the Court of Appeals.